IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2017 MAR 16 PM 2: 57

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

BURNARD M. MARTIN and TEALA L.
MARTIN,
              **Plaintiffs,**

-vs-

DITECH FINANCIAL, LLC,
              **Defendant.**

CAUSE NO.:
A-16-CA-01028-SS

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Ditech Financial, LLC's Motion for Summary Judgment [#13]. Plaintiffs Burnard and Teala Martin did not file a timely response.[1]  Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order.

### Background

This case involves a constitutional challenge to a home equity loan.  In 2007, Plaintiffs executed a home equity loan on their residence at 10541 County Road 404, Spicewood, Texas 78669 (Property). Mot. Summ. J. [#13] at 3; Notice Removal [#1-1] (Original Pet.) ¶ 7.  Burnard Martin executed a Texas Home Equity Note (Note) in the amount of $140,000. Mot. Summ. J. [#13-1] Ex. A-1 (Note).  At the same time, Plaintiffs executed a Texas Home Equity Security Instrument (Security Instrument) granting a lien on the Property.  *Id.* [#13-2] Ex. B (Security Instrument).  The Security Instrument named GMAC Mortgage, LLC (GMAC) as servicer of the

---

[1] Because Plaintiffs have not responded, they are deemed unopposed to the motion for summary judgment. *See* Local Rule CV-7(e)(2) ("A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion . . . . If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.").  Nevertheless, the Court will proceed to the merits of the motion.

loan. *Id.* GMAC later assigned the Security Instrument to Green Tree Servicing LCC (Green Tree). *Id.* [#13-4] Ex. D (Assignment to Green Tree). Effective August 31, 2015, Green Tree changed its name to Ditech Financial LLC. *Id.* [#13-1] Ex. A-2 (Amendment to Registration). In addition to the Note and Security Instrument, Burnard also executed (1) a HUD-1 Settlement Statement, (2) an Acknowledgment of Fair Market Value of Homestead Property (FMV Acknowledgment), and (3) a Texas Home Equity Affidavit and Agreement. *Id.* [#13-1] Exs. A-6 (HUD-1), A-4 (FMV Acknowledgment); *id.* [#13-3] Ex. C (Equity Affidavit).

Later, Burnard defaulted on his obligations under the Note. *Id.* [#13-1] Ex. A (Hardwick Decl.); Original Pet. ¶ 10. On June 3, 2011, Burnard filed for Chapter 7 bankruptcy.[2] *Id.* [#13-5] Ex. E (Bankr. Pet.). Burnard did not schedule any claims related to the Note or the Security Interest in the original or amended schedules he filed in the bankruptcy proceeding. *Id.*; *see id.* [#13-6] Ex. F (Amended Schedules). On April 19, 2012, Burnard obtained a discharge under 11 U.S.C. 727.[3] *Id.* [#13-7] Ex. G (Bankr. Discharge). On January 26, 2015, Plaintiffs filed a lawsuit in state court challenging Defendant's standing to foreclose on the Property based on the statute of limitations. *Id.* [#13] at 4; Original Pet. ¶ 12. Because acceleration of the loan repayment was abandoned, Plaintiffs nonsuited the action without prejudice. *Id.*

Plaintiffs filed the instant lawsuit in state court on August 1, 2016, alleging the home equity loan on the Property violates the Texas Constitution. Original Pet. Due to Defendant's alleged constitutional violations, Plaintiffs bring suit to quiet title, request declaratory relief, and also assert Defendant violated the Texas Debt Collection Practices Act (TDCPA). Defendant

---

[2] Burnard filed two other bankruptcy petitions, but both were dismissed. *See* Mot. Summ. J. [#13] at 4 n.1.

[3] As requested by Defendant, the Court takes judicial notice of (1) the absence of any claims related to the Note and the Security Instrument in the amended schedules and (2) the bankruptcy court's discharge granted to Burnard in *In re Martin*, No. 11-1394-HCM (Bankr. W.D. Tex. 2011). *See* FED. R. CIV. P. 201; *Odle v. Wal-Mart Stores, Inc.*, 747 F.3d 315, 316 (5th Cir. 2014) (taking judicial notice of district court record because "the fact that a judicial action was taken is indisputable and is therefore amenable to judicial notice") (internal quotation omitted).

filed a timely notice of removal based on diversity and the case was assigned to this Court. Notice Removal [#1]. Defendant then moved for summary judgment on January 11, 2017. Mot. Summ. J. [#13]. For the reasons that follow, the Court grants the motion.

## Analysis

### I.  Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and

unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.   Application

Plaintiffs bring four causes of action against Defendant. First, Plaintiffs claim the home equity loan on the Property violates two provisions of the Texas Constitution. Original Pet. ¶¶ 15–18. Specifically, Plaintiffs assert: (1) the principal balance of the home equity loan was more than 80% of the Property's fair market value in violation of Tex. Const. art. XVI, § 50(a)(6)(B), and (2) the fees for the home equity loan exceeded 3% of the loan amount in violation of § 50(a)(6)(E). *Id.* Second, Plaintiffs bring suit to quiet title, arguing the alleged constitutional violations bar Defendant's asserted interest in the Property. *Id.* ¶¶ 20–22. Third, Plaintiffs seek a declaratory judgment that the home equity loan violates the Texas Constitution and Defendant forfeited all principal and interest owed on the loan because it failed to cure the alleged constitutional defects within 60 days. *Id.* ¶¶ 23–30 (citing § 50(a)(6)(Q)(x)). Fourth, Plaintiffs

claim Defendant violated the TDPCA (1) by threatening to take an action prohibited by law in an attempt to collect a debt, and (2) by misrepresenting the status of the debt in a judicial proceeding. *Id.* ¶¶ 31–34.

## A.    Constitutional Claims

### 1.    § 50(a)(6)(B) Violation

Section 50(a)(6)(B) states, a Texas homestead is

> protected from forced sale . . . except for . . . an extension of credit that . . . is of a principal amount that when added to the aggregate total of the outstanding principal balances of all other indebtedness secured by valid encumbrances of record against the homestead does not exceed 80 percent of the fair market value of the homestead on the date the extension of credit is made . . . .

Tex. Const. art. XVI, § 50(a)(6)(B).  Defendant claims the home equity loan was not greater than 80% of the Property's fair market value.   For support, Defendant points to the FMV Acknowledgment, wherein Burnard swore under oath that "[o]n the date of the closing, the fair market value of the Property is $203,000.00," which was "the value placed on the Property in an appraisal conducted by Appraisal Solutions."  FMV Acknowledgment; *see also* Mot. Summ. J. [#13-1] Ex. A-5 (Appraisal Report) (stating the fair market value of the Property was $203,000). Thus, because 80% of $203,000 is $162,000, and Plaintiffs' loan was authorized for only $140,000, the home equity loan does not violate § 50(a)(6)(B).

Further, Defendant argues that, under § 50(h), it can conclusively rely on the FMV Acknowledgment for the fair market value of the Property.  Section 50(h) states:

> [a] lender or assignee for value may conclusively rely on the written acknowledgement as to the fair market value of the homestead property made in accordance with Subsection (a)(6)(Q)(ix) of this section if:

> (1) the value acknowledged to is the value estimate in an appraisal or evaluation prepared in accordance with a state or federal requirement applicable to an extension of credit under Subsection (a)(6); and
>
> (2) the lender or assignee does not have actual knowledge at the time of the payment of value or advance of funds by the lender or assignee that the fair market value stated in the written acknowledgment was incorrect.

Tex. Const. art. XVI, § 50(h).  Defendant claims § 50(h)'s requirements are satisfied because (1) the Appraisal Report was prepared in accordance with a state or federal requirement applicable to an extension of credit under § 50(a)(6), and (2) Burnard and Defendant executed the FMV Acknowledgment, which indicates both parties agreed the fair market value of the Property at the time of closing was $203,000.  Mot. Summ. J. [#13] at 6.

In their Original Petition, Plaintiffs claim "the County Appraisal District valued the [Property] only at $129,591 in 2007 when the loan was made" and further argue GMAC "conspired with the appraisal company . . . to artificially inflate the appraisal of the Property in a scheme to lend more than the Property was worth."  Original Pet. ¶ 17.  The Fifth Circuit, however, has rejected this argument: "[b]ased on Texas's clear law that tax valuations do not constitute conclusive evidence of FMV, [borrowers] may not rely on that evidence to establish that [lenders] had knowledge that the market value stated in the Acknowledgment was incorrect."  *Poswalk v. GMAC Mortg., LLC*, 519 F. App'x 884, 886 (5th Cir. 2013); *see also Penrod v. Bank of N.Y. Mellon*, 824 F. Supp. 2d 754, 760 (S.D. Tex. 2011) (finding appraisal from public appraisal district was "relevant to valuation for taxation purposes only" and did "not establish market value").  Further, there is no evidence of Defendant's alleged conspiracy.  Therefore, because Defendant has shown § 50(h)'s requirements are met and can conclusively rely on the FMV Acknowledgement, the Court GRANTS summary judgment on Plaintiffs' claim that Defendant violated § 50(a)(6)(B).

**2.      § 50(a)(6)(E) Violation**

Plaintiffs also claim the home equity loan on the Property violates § 50(a)(6)(E) of the Texas Constitution, because the fees on the loan exceeded 3% of the loan amount.  Section 50(a)(6)(E) states that a Texas homestead is

> protected from forced sale . . . except for . . . an extension of credit that . . . does not require the owner or the owner's spouse to pay, in addition to any interest, fees to any person that are necessary to originate, evaluate, maintain, record, insure, or service the extension of credit that exceed, in the aggregate, three percent of the original principal amount of the extension of credit . . . .

Tex. Const. art. XVI, § 50(a)(6)(E).  Under this section, the maximum permissible fees were $4,200, or 3% of $140,000, the principal amount of Plaintiffs' home equity loan.  Plaintiffs argue the "Total Settlement Charges" amount of $7,602 identified in HUD-1 represents the fees Defendant charged Plaintiffs.  Original Pet. ¶ 18.  Defendant responds the amount of $7,602 includes a $5,802 payment of loaned funds from Burnard to Chase Bank.  Mot. Summ. J. [#13] at 8.  According to Defendant, this payment does not constitute a fee, but rather "a pre-existing consumer debt owed by [Burnard] that he expressly agreed to have paid on his behalf at closing." *Id.*  Defendant references a number of documents signed by Burnard in support of this conclusion, including the Loan Application, which lists a $5,802 debt owed by Burnard to Chase; the Closing Instructions, which instruct the settlement agent to pay off a consumer debt of $5,802 to Chase; and the Non-lien Verification Notification, which explains Burnard agreed $5,802 will be paid to Chase at closing.  *Id.* [#13-1] Exs. A-3 (Loan Application), A-7 (Closing Instructions), A-8 (Non-lien Verification Notification).  In light of this summary judgment evidence, the Court concludes the $5,802 payment is not a fee.  The total fees Burnard was required to pay amounted to, at most, $1,800.  Therefore, the Court GRANTS summary judgment on Plaintiffs' claim that Defendant violated § 50(a)(6)(B).

Defendant makes two additional arguments in support of granting summary judgment on Plaintiffs' constitutional claims. First, Defendant asserts Plaintiffs' constitutional claims fail because "the Texas Supreme Court refused to recognize that Section 50(a)(6) creates any enforceable, substantive rights." *Id.* [#13] at 8. Second, Defendant argues Burnard is judicially estopped from challenging the validity of the home equity loan because he never disclosed the loan in his bankruptcy proceedings. *Id.* Because the Court determined Plaintiffs' constitutional claims are meritless for the reasons discussed above, however, the Court need not address Defendant's additional arguments.

**B.    Declaratory Judgment**

Plaintiffs assert that, under § 50(a)(6)(Q)(x), Defendant forfeited all principal and interest owed on the home equity loan because of Defendant's constitutional violations and its failure to cure them. They seek a declaratory judgment on this basis.

Section 50(a)(6)(Q)(x) states, a "lender forfeits all principal and interest if it fails to comply with the constitutional requirements and fails to correct its noncompliance not later than the sixtieth day after the borrower notifies the lender of the violation." *Smith v. JP Morgan Chase Bank, Nat'l Ass'n*, 825 F. Supp. 2d 859, 863 (S.D. Tex. 2001) (internal citation omitted). But the Texas Supreme Court has foreclosed the use of a declaratory judgment claim to obtain constitutional forfeiture of principal and interest under § 50(a)(6)(Q)(x). *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 551 (Tex. 2016) ("A declaratory-judgment action based on a constitutional right to forfeiture is not available to access the forfeiture remedy."). Thus, Plaintiffs' request for declaratory relief fails as a matter of law. The Court GRANTS summary judgment for Defendant on Plaintiffs' forfeiture request.

C.     **Quiet Title Action**

Plaintiffs bring suit to quiet title on the Property based on a special warranty deed Plaintiffs obtained when they purchased the Property in 1991.   Original Pet. ¶¶ 8, 21–22. Plaintiffs claim Defendant's interest in the Property is barred by Defendant's violations of the Texas Constitution.   However, because the Court has determined Defendant did not violate § 50(a)(6)(B) or § 50(a)(6)(E), there is no basis for Plaintiffs' quiet title action.   The Court therefore GRANTS summary judgment for Defendant on Plaintiffs' quiet title action.

D.     **TDCPA Claim**

Finally, Plaintiffs argue Defendant violated the TDCPA, specifically §§ 392.301 and 392.304 of the Texas Finance Code.   Section 392.301(a)(8) prohibits a debt collector from threatening to take an action prohibited by law in an attempt to collect a debt.   Plaintiffs claim Defendant's foreclosure of the Property was prohibited by law as Defendant did not have "the authority to foreclose." Original Pet. ¶ 33. Section 392.304(a)(8) prohibits a debt collector from misrepresenting certain details of a consumer's debt in a judicial proceeding.   Plaintiffs assert Defendant misrepresented that the Property "would be foreclosed upon when it could not be foreclosed upon" due to Defendant's constitutional violations.   *Id.*   Again, the Court has determined Defendant did not violate § 50(a)(6)(B) or § 50(a)(6)(E), and therefore there is no basis for Plaintiffs' claims under the TDCPA.   The Court GRANTS summary judgment for Defendant on these claims.

## Conclusion

Accordingly,

IT IS ORDERED that Defendant Ditech Financial LLC's Motion for Summary Judgment [#13] is GRANTED.

SIGNED this the ___16___ day of March 2017.


_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE